IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETTA LASHAY WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv891-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This matter is before the court on federal inmate Bernetta Lashay Willis's *pro se* motion for relief from final judgment under Rule 60(b) of the Federal Rules of Civil Procedure filed on November 20, 2015.[1] Doc. No. 1. Willis requests that the court reopen her 28 U.S.C. § 2255 motion filed in September 2009. That motion was denied on April 6, 2012, with the district court adopting the recommendation of the magistrate judge entered the previous month. *See* Civil Action No. 2:09cv930-MEF. Willis maintains that her instant motion is based on "a defect in the integrity of the proceedings" on her § 2255 motion, because her trial counsel, Valerie Smedley, was disbarred from practice in this

---

[1] In March 2007, a jury found Willis guilty of conspiring to defraud the United States and multiple counts of theft of government property and filing false claims for submitting fraudulent applications for FEMA aid. The jury also found Willis guilty of aggravated identity theft, threatening a federal witness, brandishing a firearm during a crime of violence, distributing marijuana, possessing a firearm in furtherance of a drug trafficking crime, and making false statements to a United States Marshal. A sentencing hearing was held on January 9, 2008, after which the district court sentenced Willis to a total of 516 months in prison. *See* Case No. 2:06cr71-MEF.

court in November 2012. Doc. No. 1 at 1–3. In her § 2255 motion, Willis raised numerous claims of ineffective assistance of counsel against Smedley as well as claims of ineffective assistance against the attorney who represented her before she retained Smedley and later at sentencing and on direct appeal. The court denied all of Willis's claims of ineffective assistance of counsel on the merits.

For the reasons that follow, Willis's request for relief from final judgment should be denied.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment in a civil case on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Rule 60(b) "provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). The Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are "not inconsistent with applicable federal statutory provisions," *id.* at 529 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death

Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *Id*. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the AEDPA's restrictions on successive petitions. *Id*. at 529–30. Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the Eleventh Circuit has determined that the holding and rationale of *Gonzalez* apply equally to habeas proceedings under 28 U.S.C. § 2255. *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005). Accordingly, for the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to and discussed in this Recommendation, the court will use nomenclature appropriate to motions for habeas relief under § 2255.

"[W]hen faced with what purports to be a Rule 60(b) motion ... federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530–31). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo v. United States*, 394 F. App'x 670, 671 (11th Cir. 2010). If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the movant has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

Under *Gonzalez*, a Rule 60(b) motion is a second or successive § 2255 motion if it contains a "claim." *See* 545 U.S. at 530. For the purpose of determining whether the

3

motion is a § 2255 motion, a "claim" is an asserted ground for relief from the underlying judgment of conviction or sentence, *or* an attack on the district court's previous resolution of any previous § 2255 claim on the merits. *Id*. at 531–32. On the other hand, no "claim" is asserted "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60(b) motion can properly be used to attack a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Courts should not treat such a Rule 60 motion as a successive § 2255 motion. *Id*. at 532-33. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2] *Id.* at 538; *see, e.g., Galatolo*, 394 F. App'x at 672.

Willis's attempt to characterize her Rule 60(b) motion as limited to challenging "a defect in the integrity of the proceedings" on her § 2255 motion is unavailing. In her instant motion, she argues that this court should set aside its final judgment in the § 2255 case because, in denying her § 2255 motion, this court credited the affidavit of her trial counsel,

---

[2] The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

4

Valerie Smedley, over her own statements in support of the claims of ineffective assistance of counsel she asserted against Smedley in her § 2255 motion. Doc. No. 1 at 2. According to Willis, "[t]he gravamen of the [magistrate judge's] recommendation [adopted by the district court] was that the Magistrate Judge had weighed the affidavits involved and found that Attorney Smedley was more believable than Ms. Willis." *Id*. Willis maintains that "events subsequent to the section 2255 proceeding," i.e., the circumstances of Smedley's November 2012 disbarment, "demonstrate that the credibility finding of the Magistrate Judge and [District Court] Judge Fuller did not provide full nor fair review of [Willis's] allegations of ineffective assistance of counsel." *Id*. at 3.

Smedley was disbarred from practice in this court in November 2012 on the ground that she attempted to appear in this court on behalf of a client on June 20, 2012, while under a 91-day suspension from the practice of law by the Alabama State Bar effective June 1, 2012. *See* Doc. No. 1-2 at 1–6. The grounds for her disbarment in this court and her suspension by the Alabama State Bar were unrelated to her representation of Willis in her criminal case in this court or to the affidavit she filed addressing Willis's § 2255 claims alleging ineffective assistance at trial. Willis does not identify a merits determination by this court on a particular allegation of ineffective assistance of counsel that was based on a credibility assessment of an averment by Smedley. Nor does she single out any particular averment by Smedley as false or misleading. She also does not allege that Smedley

submitted a fraudulent affidavit or otherwise contend that a fraud was committed on the court in the § 2255 proceedings.[3]

Willis's argument that this court improperly credited Smedley's averments in her affidavit over her own statements attacks the court's previous resolution of her ineffective assistance of counsel claims on the merits. Thus, this ground amounts to a "claim" under *Gonzalez*. As such, Willis's nominal Rule 60(b) motion is actually a second or successive § 2255 motion. *See Fuller v. United States,* No. 4:07-CV-34 CAS, 2013 WL 3480303, at *7 (E.D. Mo. Jul. 10, 2013) (finding ground in nominal Rule 60(b) motion alleging defect in integrity of proceedings on prior § 2255 motion based on court's crediting of affidavit and testimony of former counsel who was under criminal investigation, and was later convicted and disbarred, was a "claim" for purposes of *Gonzalez*, because it attacked the court's previous merits resolution of an ineffective assistance of counsel claim in the previous § 2255 motion). Willis has not obtained prior authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. This court therefore lacks jurisdiction to consider the motion, and the motion should be denied on this ground. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

The court notes that Willis is wrong when she asserts that "the gravamen" of the recommendation's rejection of her ineffective assistance of counsel claims on the merits "was that the Magistrate Judge had weighed the affidavits involved and found that Attorney

---

[3] In any event, "[c]onclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010) (quoting *Booker v. Dugger*, 825 F.2d 281, 284–85 (11th Cir. 1987)).

Smedley was more believable than Ms. Willis." Doc. No. 1 at 2. Although the recommendation, in several places, references Smedley's affidavit, it does not rely on her averments in the affidavit, or specifically credit her averments over those of Willis, in resolving the merits of Willis's ineffective assistance of counsel claims. *See* Civil Action No. 2:09cv930-MHT, Doc. No. 38 at 8–30. Moreover, even if this court's merits resolution of Willis's ineffective assistance claims involved credibility determinations, Willis's attack on those credibility determination does not go to the integrity of the § 2255 proceedings, but instead constitutes an attempt to relitigate the merits of the ineffective assistance claims, which is not a cognizable basis for a Rule 60(b) motion. *See United States v. Bahna,* No. CR 05-982 ABC, 2010 WL 4916584, at *3 (C.D. Cal. Nov. 24, 2010).

Even if this court were to construe Willis's motion for relief from final judgment as not presenting a successive habeas "claim," Willis is not entitled to relief under Rule 60(b), because the motion is time-barred. As noted above, Rule 60(b) allows for relief from final judgment for six listed reasons. Willis does not specify under which subsection she is seeking relief. However, her Rule 60(b) motion would appear to fall under subsection (2), because she is arguing she is entitled to relief from the denial of her § 2255 motion based on "new evidence"—the fact that her trial counsel was disbarred from practice in this court in November 2012. Motions under Rule 60(b)(2) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Willis's Rule 60(b) motion was filed on November 20, 2015, over three and one-half years after the district court's April 6, 2012 entry of judgment denying her § 2255

7

motion. Willis is precluded from seeking relief under Rule 60(b)(2), because her motion is untimely.

What is more, the one-year time limit for motions based on Rule 60(b)(2) cannot be avoided by bringing the motion under Rule 60(b)(6), the catch-all provision, which allows relief for final judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6); *United States v. Dakota Cheese, Inc. (In re Matter of a Grand Jury Subpoena Directed to Dakota Cheese, Inc.)*, 923 F.2d 576, 577 (8th Cir. 1991) (motion based on newly discovered evidence is governed by Rule 60(b)(2) and may not be brought after one year under Rule 60(b)(6)). The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under one of the more specific subsections of Rule 60(b)(1)–(5), the reason will not justify relief under the catch-all provision of 60(b)(6). *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n.11 (1988). *See also Corex Corp. v. United States*, 638 F.2d 119 (9th Cir.1981) (where party moved for relief under subsection (b)(6) for "any other reason justifying relief" but furnished no reason other than alleged newly discovered evidence, motion was to be reviewed as if it had been made under subsection (b)(2) allowing relief for "newly discovered evidence.").

In her instant motion, Willis cursorily mentions that "[s]ubsequent to denial of her initial Section 2255 motion," she "discovered" that District Judge Mark Fuller, who presided at her trial and ruled on her § 2255 motion, "had committed crimes resulting in his resignation." Doc. No. 1 at 3. It is not clear that Willis presents this matter as a ground for relief, because she does not say it is, and it is unaccompanied by any supporting argument. She does, however, attach to her motion a lengthy exhibit containing various

8

documents and articles related to Judge Fuller's arrest in July 2014 on charges of domestic abuse and his subsequent resignation from the federal bench. *See* Doc. No. 1-3 at 1–46.

As stated above in this Recommendation, Willis alleges that "events subsequent to the section 2255 proceeding demonstrate that the credibility findings of the Magistrate Judge and Judge Fuller did not provide full nor fair review of her allegations of ineffective assistance of counsel." Doc. No. 1 at 3. If by this Willis means to include in her grounds for relief events involving Judge Fuller—in addition to the above-discussed events involving her former counsel Smedley—her claim impugning the court's credibility determinations does not go to the integrity of the § 2255 proceedings and instead amounts to an attempt to relitigate the merits of her ineffective assistance of counsel claims. Such a claim is not a cognizable basis for a Rule 60(b) motion. *Bahna*, 2010 WL 4916584, at *3. Therefore, the claim would be subject to the same successiveness bar applicable to Willis's claim regarding Smedley. Alternatively, even if the claim is proper under a Rule 60(b) motion, it would appear to fall under subsection (2), making it untimely for the same reasons Willis's claim about Smedley is untimely.

Finally, even if Willis's assertions about "events subsequent to the § 2255 proceeding" encompass both her former counsel Smedley and Judge Fuller, and even if such claims are proper and timely raised grounds for challenging the integrity of the § 2255 proceedings under the "any other reason" scope of Rule 60(b)(6), Willis fails to demonstrate how behavior and events that occurred subsequent to and outside of her legal proceedings influenced the results of those proceedings or undermine the validity of those results. Relief under Rule 60(b)(6) is a remedy available only in extraordinary

circumstances, and a party seeking relief under the rule bears a high burden. *See Gonzalez*, 545 U.S. at 535; *Saunders v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010); *Santa v. United States*, 492 F. App'x 949, 951 (11th Cir. 2012). Because Willis fails to demonstrate that her § 2255 proceedings were affected by the subsequent events or that the validity of the § 2255 proceedings has been undermined, she makes no showing of extraordinary circumstances sufficient to justify reopening the judgment on her § 2255 motion. She demonstrates no defect in the integrity of the § 2255 proceedings and is entitled to no relief under Rule 60(b)(6).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Willis be denied relief from final judgment under Rule 60(b) because in her motion she raises claims that amount to a second or successive § 2255 motion. Willis must receive permission from the United States Court of Appeals for the Eleventh Circuit before she may bring such claims in this court. In the alternative, the Court finds Willis's motion for relief under Rule 60(b) is time-barred and lacks merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 20, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of June, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE